UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 01-4365

PEDRO ESPINOZA-CARTAGENA,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-00-229)

Submitted: December 20, 2001

Decided: January 15, 2002

Before WIDENER, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Mary Lou Newberger, Acting Federal Public Defender, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Karen L. Bleattler, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Pedro Espinoza-Cartagena pled guilty without benefit of a plea agreement to illegally reentering the United States after he had been deported, 8 U.S.C.A. § 1326(a)(1), (b)(1) (West 1999). He was sentenced to a term of thirty months imprisonment, three years supervised release, and a $500 fine. Espinoza-Cartagena's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious issues for appeal. Espinoza-Cartagena has been notified of his right to file a pro se supplemental brief, but has not filed one. We affirm the conviction and sentence.

Counsel first suggests that the district court may have erred in sentencing Espinoza-Cartagena at the top of the guideline range of 24-30 months. However, as counsel acknowledges, the district court's decision as to what sentence to impose within a correctly calculated guideline range is not reviewable. *United States v. Jones*, 18 F.3d 1145, 1150-51 (4th Cir. 1994). Next, counsel addresses the district court's failure to make findings concerning the burden a fine would impose on Espinosa-Cartagena's family. When deciding whether to impose a fine, the district court is required to consider, among other things, the defendant's income, financial resources, and earning capacity, as well as the burden that a fine might impose on any of his dependents. 18 U.S.C.A. § 3572(a)(2) (West 2000). The district court should make specific findings concerning these factors. *United States v. Castner*, 50 F.3d 1267, 1277 (4th Cir. 1995). However, a district court may satisfy these requirements if it adopts a presentence report that contains adequate factual findings to allow effective appellate review of the fine. *Id.* Because Espinoza-Cartagena did not object to the fine in the district court, the district court's decision is reviewed for plain error. Fed. R. Crim. P. 52(b); *Castner*, 50 F.3d at 1277-78.

In this case, the presentence report established that Espinoza-Cartagena had no financial obligations or dependents who would experience hardship if a fine were imposed. Moreover, the district court found that Espinoza-Cartagena could pay a modest fine through the Bureau of Prisons' Inmate Financial Responsibility Program. In these circumstances, and because the fine imposed was a relatively minor one, we do not find that the district court's failure to make specific findings requires resentencing. *See United States v. Taylor*, 984 F.2d 618, 622 (4th Cir. 1993).

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*